The opinion of the court was delivered by
Corwin, C. J.
This is a writ of error to the common pleas of
Hamilton county, reserved by the district court for decision by this court. The original act was ejectment by certain heirs of one Timothy Trimble against the defendant in error. Upon the trial, the plaintiff having shown a prima facia right to recover, and rested in chief, the defendant offered in evidence a duly authenticated transcript of a record of a suit in chancery in Hamilton common pleas, brought by Nicholas Longworth against the heirs of said Timothy Trimble; in*which suit Longworth, before the commencement of the action of ejectment, obtained a decree for a release to him cf the title of said heirs. To the admission of this transcript the plaintiffs objected upon two grounds :
*247 1. That the court that pronounced the decree, had no jurisdiction of the cause stated in the hill, or of the persons therein named as defendants; and therefore the decree was void.
2. That the defendant in the ejectment was not a party, or privy, to the decree ; and therefore had no right to use it.
The court overruled these objections, and permitted the transcript to go in evidence; to which ruling the plaintiff excepted, and now assigns the same for error.
At the time the bill was filed, and during the whole pendency of the suit, the heirs of Trimble were non-residents of Ohio. No subpena was served on either of them ; but it *aj>pears, by the decree, that the court found, “that all the defendants are non-residents of the State of Ohio, [and] that notice has been given them by publication in due form of law prior to the October term of this court, A. D. 1835.”
By the statute then in force, notice to non-resident defendants was to be given in such mode as the court should direct; and, accordingly, the court had, at the June term, 1835, made the following order: “ It being shown to the court that the defendants in this cause are not residents of the State of Ohio, court order that notice of the pendency, objects, and prayer of the bill be given to the said defendants by publication, weekly, for six successive weeks, in some newspaper published and of general circulation in the county of Hamilton, and that a copy of such paper containing said notice be directed to the place of residence of said defendants, if known.”
At the October term, 1835, the following entry was made on the journal: “Due proof of the publication of the pendency of this cause being now filed, thereupon rule for answer in sixty days, and cause continued.”
At the same time a copy of the notice of the' pendency, objects, and prayer of the bill, with proof of its due publication in the Cincinnati Gazette, was filed; and also the following affidavit:
“Adam N. Riddle, being duly sworn, deposeth and'saith that the Cincinnati Gazette, the newspaper in which the above notice was inserted, was by said deponent transmitted by mail to Nathaniel P. Hill and others, defendants in said cause, to Montgomery, Orange county, New York, on the 11th July, a. d. 1835. Further deponent saith not.”
The defendant having rested in chief, the plaintiff offered testi *248 mony tending to prove that, at the time the order of June term was made, and when the notice was published in the Gazette, some of the defendants to the bill resided in New Toxic, others in Pennsylvania, aixd others in New Jersey, and that their respective places of residence were known to said Adam N. Riddle, who was Longworth’s solicitor ; but that he had seiit copies of the notice to only part of them, *and that among those to whom he had not sent, were the lessors of the plaintiff.
The object of this testimony was to show that the order of June term had not been complied with, and that consequexxtly the chancery court never obtained jurisdiction of the plaintiff’s lessors, and the decree as to them was void.
The testimony was objected to by the defendant, and the objection sustained; the court ruling: 1. That the finding in the decree, that notice had beeix given by publication, imported that the order of June term had been fully complied with ; 2. That this finding could not be impeached collaterally.
To which decision the plaintiff excepted, and now assigns it for ex’ror.
Other testimony than that above stated was given, and certain instructions to the jury asked; raising several questions that, in the view we take of the case, it is unnecessary to decide. For if the decree was valid as against the lessors of the plaintiff, and if the defendant had a right.to avail himself of it as a defense, the case was clearly against the plaintiff, and judgment was rightly rendered against him.
As to the objection that the bill in chancery showed no cause of which the court had jurisdiction, we have already, at this term, considered and overruled it, in the case of' Buchanaii v. Roy.
As to the point, that the defendant was not a party, or privy, to the decree, and therefore lrad xxo right to avail himself of it, we think it entitled to no weight. Where a person forcibly disseizes another, so that an action of forcible entry would lie, he is not permitted in such an action, or in an action of ejectment, brought by the disseizee, to maintain his possession by showing a good title in himself, much less in a stranger. And it has been held, that although the entry was not with force, yet, if the defendant is a bare trespasser without colorable claim, he shall not be allowed to defeat the action of the person having the equitable right to the *249 possession, and adducing a prima fade legal title, by showing a mere naked legal estate outstanding in a third person.
*But it is certainly well settled that where the defendant has acquired the possession honestly and peacoabty, under color of title, he may show such outstanding estate in a stranger; and it will be a good defense, except in those cases where the plaintiff is entitled to the possession, although the naked legal title may be in another, as frequently happens in cases of trust.
Now, for aught that appears, Whiteman did acquire possession, honestly, peaceably, and under color of title, and therefore had a perfect right to use the decree in his defense.
This brings us to the main question in the case. Did the court err in ruling that the finding in the decree imported that the order of June term had been complied with, and that such finding could not be collaterally impeached? We think the court were justified in construing the language of the decree as they did; and a majority of us are of opinion that the testimony to impeach the finding was properly excluded.
It has become established by a series of decisions in Ohio, that the finding of a court of general jurisdiction upon a subject-matter properly before it, shall not be collaterally impeached, but whilst •such finding is unreserved, it is conclusive of the matter so found. A party to such finding or decree conceiving himself prejudiced thereby, must resort to some one of the various modes provided by the law, for appeal, review, rehearing, or impeachment. Lessee of Boswell v. Sharp, 15 Ohio, 466; Lessee of Irvin v. Smith, Ib. 242; Lessee of Newman v. The City of Cincinnati, 18 Ohio, 330; Lessee of Morgan v. Burnet, Ib. 546.
We see no reason to disturb the rule established by these cases, but, on the contrary, are of opinion that'it is founded in good policy, and that a due regard to the solemnity of judicial proceedings requires its strict observance.